UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ESTES, Individually
and on behalf of others similarly situated,

      Plaintiff,                        Case No.

v.

A-TEAM TRAPPERS, LLC
and CHRISTOPHER COLE , individually,

      Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JAMES ESTES, hereinafter referred to as "PLAINTIFF"

pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"),

by and through his undersigned counsel and sues the Defendants, A-TEAM TRAPPERS, LLC,

(hereinafter known as "A-TEAM"), and CHRISTOPHER COLE, individually, (hereinafter

referred to as "COLE"), collectively known as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2.      Venue lies within the United States District Court for the Middle District of Florida,

Tampa Division because a substantial part of the events giving rise to this claim occurred in this

Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

3.      At all times material herein, Plaintiff was and is a resident of Hillsborough County,

Florida.

4.      At all times material herein, Defendant A-TEAM was and is a Florida for profit

1

corporation, authorized and doing business in this judicial district.

5.      At all times material herein, Defendant COLE is the President of A-Team Trappers, LLC. As President he had significant ownership interest in Defendant A-TEAM, exercised day to day control of operations and was involved in the supervision and payment of employees.

6.      At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants are Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

7.      The Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

8.      At all times material, Defendants willfully violated the Fair Labor Standards Act ("FLSA").

9.      Plaintiff has retained the undersigned counsel to represent his interests in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10.      Plaintiff  began his employment with Defendants in June 2019 as an Animal Wildlife Removal Tech and was eventually promoted to the position of Animal Wildlife Removal Specialist.

11.      Plaintiff was paid on an hourly rate basis plus commission.

12.      Plaintiff regularly and routinely worked over forty (40) hours in a work week.

13.      Plaintiff was not paid time and a one-half his hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

14.      Specifically, Defendant failed to take into consideration Plaintiff's total

2

remunerations when calculating his appropriate overtime rate each week.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

15.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirteen (14).

16.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

17.     Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

18.     Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with Defendants, 29 U.S.C. §207(a)(1).

19.     Throughout his employment with Defendants, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

20.     Plaintiff estimates that he worked an average of twelve overtime hours per week. Defendants failed to comply with their statutory obligation to keep accurate time records.

21.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

22.     Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendants.

23.     Defendants' failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the

FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

24.     Defendants knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

25.     Defendants' violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendants knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

26.     As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and have incurred reasonable attorneys' fees and costs.

27.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled liquidated damages.

28.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants including, but not limited to:

a.     Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding prejudgment interest;

d.     Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.      Determining that the FLSA was violated and an adjudication on the merits of the case; and

f.      Ordering any other further relief the Court deems just and proper.

## COUNT II

29.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirteen (14).

30.     At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

31.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

32.     At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

33.     Defendants' failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

34.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against

Defendants for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

Dated this 13th day of August 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Hunter A. Higdon
Hunter A. Higdon
Florida Bar No.: 85963
Hunter@fgbolaw.com
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff